**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, ) | Case No. 5:24-cr-165 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| J.C. SANDERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Defendant J.C. Sanders, representing himself, attempts to remove his pending criminal case from the Summit County Court of Common Pleas to federal court. (ECF No. 1.)  Because the Court has an independent obligation to examine whether it has jurisdiction, the Court reviewed the record.  Based on that review, the Court determines that removal is improper.  Accordingly, the Court **SUMMARILY REMANDS** this matter to the Summit County Court of Common Pleas.

### BACKGROUND

On May 9, 2024, Mr. Sanders attempted to remove a criminal case pending against him in State court in Ohio to federal court. (ECF No. 1.)  The State of Ohio indicted Mr. Sanders on four counts:  (1) felonious assault (Ohio Rev. Code § 2903.11(A)(2)(D)(1)(a)); (2) failure to comply with an order or signal of a police officer (Ohio Rev. Code § 2921.331(B)(C)(5)(a)(ii)); (3) having weapons under disability (Ohio Rev. Code § 2923.13(A)(2)(B)); and (4) aggravated menacing (Ohio Rev. Code § 2903.21(A)(B)).  *See State of Ohio v. Sanders*, No. CR-2022-04-1359

(Summit Cnty. Ct. Com Pl.). The felonious assault charge also includes firearm and repeat violent offender specifications (Ohio Rev. Code §§ 2941.145(A) & 2941.149(A)). Mr. Sanders was indicted on April 25, 2022 and arraigned on June 21, 2022. (ECF No. 1-3, PageID #120.)

As a basis for removal, Mr. Sanders cites several federal statutes and rules: 28 U.S.C. §§ 1331, 1443 & 1455 and Rules 11 and 81(a) of the Federal Rules of Civil Procedure. (ECF No. 1, PageID #1.) He claims that the Court has federal question jurisdiction over this matter and intends to redress alleged violations of his constitutional rights under 18 U.S.C. § 242 and 42 U.S.C. § 1983. (*Id.*, PageID #10.) He alleges that, throughout his criminal prosecution, the State of Ohio has violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights and his rights under the Speedy Trial Act of 1974. (*Id.*, PageID #2.)

## ANALYSIS

Federal courts are courts of limited jurisdiction. Under federal law, a defendant may remove State criminal proceedings to federal court only in "rare circumstances." *Michigan v. Mixon*, No. 21-10825, 2021 WL 1439706, at *1 (E.D. Mich., Apr. 16, 2021).

As an initial matter, Defendant cannot remove his criminal case under 28 U.S.C. § 1331 based on federal question jurisdiction because, by its plain terms, Section 1331 does not grant jurisdiction over criminal cases. That statute provides that "[t]he district courts shall have original jurisdiction of all *civil actions*" arising under federal law." 28 U.S.C. § 1331 (emphasis added). Additionally, neither Rule

11 nor Rule 81(a) provide a basis for removal or subject matter jurisdiction over this matter.

Defendant's removal is only proper, then, through strict compliance with the substantive requirements of 28 U.S.C. § 1443 and the procedural requirements of 28 U.S.C. § 1455, which governs removal of criminal actions. Under that statute, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," then the court shall summarily remand that matter to State court." 28 U.S.C. § 1455(b)(4). The Court is mindful that *pro se* pleadings are entitled to liberal construction. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, even liberally construed, Mr. Sanders has not satisfied either statute's requirements.

## I.  28 U.S.C. § 1455

Among other things, Section 1455(b)(1) requires that "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier," unless the defendant has shown good cause for the delay. 28 U.S.C. § 1455. Defendant filed his notice of removal almost two years after his arraignment, and he offers no explanation for the delay. Therefore, Defendant has failed to fulfill the procedural prerequisites for removal.

## II.  28 U.S.C. § 1443

A case is removable under Section 1443(1) if it is pending against an individual who is denied or cannot enforce a right under federal law providing for "equal civil rights of citizens" in State court. 28 U.S.C. § 1443(1). The Supreme Court construes

the language of a law providing for "equal civil rights of citizens" to mean "any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). A State court defendant's claim that continued prosecution in State court will violate his rights under "constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for Section 1443 removal. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Therefore, "[i]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal civil rights have been illegally or corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966).

Here, Mr. Sanders does not allege violations of a federal right to racial equality. He does not allege any Ohio law or policy precluding him from enforcing his rights. Essentially, he argues that the charges against have no basis in fact and that the prosecution is unconstitutional because of prosecutorial and judicial misconduct. Even if true, these reasons do not furnish an adequate basis for removal under Section 1443. *Johnson*, 421 U.S. at 219; *Rachel*, 384 U.S. at 792.

Moreover, Section 1443(2) makes removal available to "federal officers and persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.3d 566, 568 (6th Cir. 1979) (citing *City of Greenwood*, 384 U.S. at 824 (interpreting the phrase "[f]or any act under color of authority derived from any law providing for equal rights")). Mr.

4

Sanders does not allege that he is a federal officer or a person assisting a federal officer within the statute's protection. Therefore, removal is not proper under Section 1443(2).

## CONCLUSION

Section 1443 "do[es] not operate to work a wholesale dislocation of the historic relationship between the state and the federal courts in the administration of the criminal law." *City of Greenwood*, 384 U.S. at 831. For the foregoing reasons, the Court determines that it "clearly appears on the face of [Mr. Sanders'] notice of removal" that "removal should not be permitted." 28 U.S.C. § 1455(b)(4). Other remedies and avenues are available to him to redress the wrongs he claims. Accordingly, the Court **SUMMARILY REMANDS** Defendant's action to the Summit County Court of Common Pleas.

**SO ORDERED.**

Dated: May 13, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio